McDONALD, J.,
dissents:
hi respectfully dissent and would reverse the decision of the trial court.
The district court and the majority have found that to qualify for the exemption from the Louisiana real estate licensing law found in La. R.S. 37:1438[1], it is neces *1137 sary for the business entity engaging in real estate activity to own the property. I believe the exceptions to the real estate licensing law are to allow a person, or any legal entity, to “perform acts of ownership” with regard to property they own. If the property is not titled in the name of the business entity, the exception should still apply. Otherwise a person could manage his own property through an employee or a representative, and none of the persons involved would have to be licensed. But if the person seeks to manage his property by forming a joint venture or other business association, the person entrusted with any activity that would ordinarily require a real estate license would be in violation of the law. |2I believe that the real estate licensing law allows Mr. Montgomery to manage his property by forming a joint venture as alleged by the plaintiff.
I note, however, that the defendants disclaim that any contractual agreement existed to entrust the management of their property to Torbert Land. The district court assumed the existence of a contract simply to make the point that even if such a contract existed it would not avail the plaintiff, because the joint venture did not own the land. While I do not reach this legal conclusion, I also do not believe that issue is properly before us. In order to reach the issue, it is necessary for a judicial determination that a joint venture existed. It does not appear that the district court did so, and there is insufficient evidence in the record to enable this court to do so.
Further, the law requires that when there is any doubt whether a litigant has a cause or a right of action, the decision be made in favor of maintaining the action.
For these reasons I respectfully dissent and would reverse the judgment of the district court dismissing the plaintiffs suit.
McDONALD, J., dissents and assigns reasons.

. A. The provisions of the Chapter shall not apply to:
(1) Any person, partnership, limited liability company, association, or corporation, foreign or domestic, which has not been granted a real estate license in Louisiana *1137 and which, as owner or lessor, either individually or through an employee or representative and performs acts of ownership with reference to property owned by him, except persons in the business of selling or managing timeshare interests. ⅝ ⅜ ⅜£ ⅜
(5) Any individual, corporation, partnership, trust, limited liability company, joint venture, or other entity which sells, exchanges, leases, or manages its own property, except persons, corporations, partnerships, trusts, limited liability companies, joint ventures, and other entities who are in the business of selling timeshare interests.